DPW:mdb 00-107B1 6/6/05

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EXECUTIVE RISK INDEMNITY, INC., Plaintiff, | ) | |
| V. | ) | C. A. NO: 05-169-T |
| LIFESPAN CORPORATION, and RHODE ISLAND HOSPITAL Defendants. | ) | |

**ANSWER OF DEFENDANTS,
LIFESPAN CORPORATION AND
RHODE ISLAND HOSPITAL,
TO THE COMPLAINT FOR DECLARATORY JUDGMENT
OF PLAINTIFF, EXECUTIVE RISK INDEMNITY, INC.**

**First Defense**

Plaintiff's complaint for Declaratory Judgment is barred as untimely.

**Second Defense**

Plaintiff is estopped by its own conduct from bringing this complaint for Declaratory Judgment.

**Third Defense**

Plaintiff's complaint for Declaratory Judgment is barred in that it has voluntarily and intentionally waived its "right" to bring an action for Declaratory Judgment against its own insured.

**Fourth Defense**

Plaintiff's complaint for Declaratory Judgment is barred by the lack of any justiciable controversy between the parties.

**Fifth Defense**

Plaintiff's complaint for Declaratory Judgment is barred by its failure to properly preserve any justiciable controversy between the parties.

**Sixth Defense**

Plaintiff has improperly included an "introduction" in its complaint in violation of F.R. Civ. P. 8.

**Seventh Defense**

**[INTRODUCTION]**

Defendants are without knowledge or information sufficient to form a belief as to the truth of why plaintiff filed this complaint for Declaratory Judgment. Defendants believe that plaintiff has slept on its right to timely bring such action. Thus, although there is an actual controversy between the parties, plaintiff may have waived its right to bring such action or may be estopped from so doing.

**PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

2. Admitted.

3. Admitted.

**JURISDICTION AND VENUE**

4. Admitted.

5. Admitted.

## NATURE OF THE CLAIM

6. Defendants admit that plaintiff has, apparently, brought a complaint for Declaratory Judgment, although plaintiff may have waived its right to do so or may be estopped from so doing.

## FACTS

### Insurance Policy and Relevant Provisions

7. Defendants admit that the plaintiff issued a Policy to defendant, Lifespan Corporation ("Lifespan"), as attached as Exhibit A.

8. Defendants admit that the Policy is a claims made policy but otherwise deny the allegations set forth in this paragraph as the Policy, through the policy terms, speaks for itself.

9. Defendants admit that the Policy contains three Insuring Agreements, but otherwise deny the allegations set forth in this paragraph as the Policy, through the policy terms, speaks for itself.

10. Defendants admit that they each qualify as an "**Insured Entity**" under the Policy.

11. Admitted.

12. Defendants admit that the Policy defines "**Claim**", but otherwise deny the allegations set forth in this paragraph as the Policy, through the policy terms, speaks for itself.

13. Defendants admit that the Policy defines "**Wrongful Act**" but otherwise deny the allegations set forth in this paragraph as the Policy, through the policy terms, speaks for itself.

14. Defendants admit that plaintiff has correctly quoted Section 4 (F)(1) of the Policy although it has boldfaced the word "underwriter" which is not a boldfaced, defined term in the Policy.

15. Defendants admit that plaintiff has correctly quoted Section 4 (F)(2) of the Policy except that plaintiff has inserted an extra "l" in the word "cancelation", and has again boldfaced the word "underwriter" and has deleted the letter "f" from the word "of" and inserted the letter "r".

16. Defendants admit that plaintiff has correctly quoted a portion of the definition of "**Loss**" in the Policy, except that plaintiff has boldfaced the term "Limit of Liability" which is not a boldfaced term in the Policy.

17. Defendants admit that plaintiff has correctly quoted a portion of the definition of "**Defense Expenses**" in the Policy, except that the word "insured" is boldfaced in the policy definition.

18. Defendants deny that the exclusion cited "expressly and unambiguously" excludes certain matters, but admit that plaintiff has correctly quoted such exclusion, except that plaintiff has boldfaced the word "underwriter" which is not a boldfaced, defined word under the Policy.

19. Defendants deny that Condition (A)(1) is an "express condition" in the Policy, as alleged, but otherwise admit that plaintiff has correctly quoted said provision, except that the word "underwriter" is not a boldfaced, defined word under the Policy.

**Subpoena Duces Tecum**

20. Admitted.

21. Defendants deny the allegations set forth in this paragraph as the subpoena duces tecum, through its terms, speaks for itself.

22. Defendants deny the characterization as to when Lifespan provided notice to plaintiff, but admit that Lifespan provided such written notice by certified mail, return receipt requested, to plaintiff on August 10, 1998. Defendants deny that true copies of Lifespan's letters

of August 10, 1998 and September 2, 1998 are attached as Exhibits B and C as various date stamps and other marginalia have been placed upon such copies by some other entity.

23. Defendants admit that they received, from Executive Risk Management Associates, a letter dated August 17, 1998 but otherwise deny the allegations set forth in this paragraph as said letter, through its terms, speaks for itself. Defendants admit that a true copy of said letter is attached as Exhibit D.

24. Defendants admit that they received a letter from plaintiff dated September 24, 1998, but otherwise deny the allegations set forth in this paragraph as said letter, through it terms, speaks for itself. Defendants admit that a true copy of said letter is attached as Exhibit E.

25. Denied.

26. Defendants are without knowledge or information to be able to admit or deny as to when plaintiff "closed its file" and certainly are without knowledge and information sufficient to form a belief as to why plaintiff closed its file.

27. Denied.

28. Denied.

**Civil False Claims Act Action**

29. Defendants admit that the United States of America filed an intervenor complaint against defendant, Rhode Island Hospital ("RIH"), in November of 2002, but otherwise deny the allegations set forth in this paragraph as said complaint, through its terms, speaks for itself. Defendants deny that a true copy of said complaint has been attached as Exhibit F as portions of the copy provided have been redacted.

30. Defendants make no response to the allegations set forth in this paragraph as the same constitute conclusions of law other than to deny the same.

31. Defendants admit that they notified plaintiff of the filing of the complaint by the United States of America, referenced above, in November of 2002, but otherwise deny the allegations set forth in this paragraph.

32. Defendants admit that they received a letter from plaintiff on December 5, 2002, but otherwise deny the allegations set forth in this paragraph as said letter, through its terms, speaks for itself.

33. Defendants admit that they received a letter from plaintiff dated June 26, 2003, but otherwise deny the allegations set forth in this paragraph as the letter, by its terms, speaks for itself.

34. Defendants are unable to admit or deny the truth of the allegations set forth in this paragraph as defendants do not know that of which plaintiff was aware in 2002-2003 or why plaintiff was so aware.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of whether or when plaintiff learned of a relationship, as alleged. Defendants admit that they received a letter from plaintiff dated September 10, 2003 but deny the allegations contained in this paragraph concerning said letter as said letter, through its terms, speaks for itself.

36. Defendants admit receipt of a letter from plaintiff dated September 10, 2003, but deny the quoted selected portions of said letter as said letter, through its terms, speaks for itself. Defendants admit that a true copy of said letter is attached as Exhibit G.

37. Defendants admit receipt of plaintiff's letter of September 10, 2003 but deny the selective quotation from that letter as the letter, through its terms, speaks for itself.

38. Defendants deny the allegations set forth in this paragraph and state plaintiff has misconstrued said letter as it set forth, on page 3 thereof, the following:

> For the aforementioned reasons, ERII, must reserve all of its rights and defenses under the Policy and under applicable law. By doing so, ERII, is not denying coverage under the Policy; instead, ERII is of the position that the allegations raised may give rise to liabilities for which the Policy would not provide coverage. . . .

39. Defendants admit receipt of plaintiff's letter of October 17, 2003, but are unable to admit or deny the specifics of the alleged e-mail communication of October 22, 2003 from defendant, Lifespan, to plaintiff.

40. Defendants deny the allegations contained in this paragraph and note that plaintiff was aware of the pending settlement negotiations in view of the telephone discussions between plaintiff and defendants in or about August 27, 2003 and September 5, 2003.

41. Defendants admit that there were discussions/correspondence with plaintiff following the settlement but deny the characterization of said discussions as set forth in this paragraph.

42. Denied.

43. Defendants admit that plaintiff forwarded a letter dated June 3, 2004 to AON Financial Services Group ("AON") but otherwise deny the allegations set forth in this paragraph.

44. Defendants admit that Lifespan submitted invoices for legal services rendered, but deny the remaining allegations set forth in this paragraph.

45. Defendants admit reimbursement by plaintiff for $128,448.98 in "**Defense Expenses**", but otherwise deny the allegations set forth in this paragraph.

## COUNT I

### Declaratory Relief

46. Defendants make the same response to the incorporation by reference of the allegations set forth in Paragraphs 1- 45, above, in this paragraph as defendants made to the original allegations.

47. Defendants deny all the claims set forth in this paragraph as the same constitute conclusions of law which are unwarranted based upon the facts.

Defendants,
LIFESPAN CORPORATION and
RHODE ISLAND HOSPITAL,
By their attorneys,

HANSON CURRAN, LLP

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040

Defendants hereby designate David P. Whitman, Esq. as trial attorney.

## COUNTERCLAIM OF DEFENDANTS, LIFESPAN CORPORATION AND RHODE ISLAND HOSPITAL, AGAINST PLAINTIFF, EXECUTIVE RISK INDEMNITY, INC.

### Jurisdictional Allegations

1. Plaintiff and Counterclaim Defendant, Executive Risk Indemnity, Inc. ("ERII"), is an insurance company organized and existing under the laws of the State of Delaware with a principal place of business in the Town of Warren, State of New Jersey.

2. Defendants and Counterclaim Plaintiffs, Lifespan Corporation ("Lifespan") and Rhode Island Hospital ("RIH"), are nonprofit corporations organized and existing under the laws of the State of Rhode Island with principal locations in the City of Providence, State of Rhode Island.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1532 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

4. Venue is properly laid in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. §1391 because Lifespan and RIH are residents of the district.

5. This is a counterclaim for declaratory judgment pursuant to 28 U.S.C. §2201 for the purpose of construing and interpreting the terms of an insurance contract and for a determination of the parties' respective rights and obligations under said contract, for breach of such contract by ERII and for bad faith by ERII as to its obligations to Lifespan and RIH.

**Facts and Travel**

6. In or about October of 1998, Lifespan purchased a DIRECTORS, OFFICERS AND TRUSTEES LIABILITY INSURANCE INCLUDING HEALTHCARE ORGANIZATION REIMBURSEMENT POLICY from ERII bearing Policy No. 751-080581-97 for the policy period October 1, 1997 through October 1, 1998 (said "Policy").

7. A true and exact copy of said Policy is attached hereto as Exhibit A.

8. Said Policy provided coverage to Lifespan and RIH for "**Loss**", including "**Defense Expenses**", in excess of the retention of One Hundred Thousand ($100,000) Dollars and not exceeding the Limit of Liability under said Policy.

9. On or about March 23, 1998, during the term of said Policy, the United States of America issued a subpoena duces tecum to RIH directing RIH to produce certain documents in connection with an investigation of possible false or otherwise improper claims for payment under Title XVIII (Medicare) of the Social Security Act.

10. On or about August 10, 1998, Lifespan and RIH, through a letter of said date, sent by certified mail, return receipt requested, notified ERII of the service of said subpoena duces tecum.

11. Attached hereto as Exhibit B is a true and exact copy of said letter of August 10, 1998.

12. On or about August 17, 1998, ERII acknowledged, by letter of that date, receipt of said notice from Lifespan and RIH.

13. Attached hereto as Exhibit C is a true and exact copy of said letter from ERII dated August 17, 1998.

14. Lifespan and RIH began incurring legal expenses in order to respond to said subpoena duces tecum.

15. ERII did not follow-up with Lifespan and RIH to follow the progress of the investigation by the United States of America.

16. On or about November 19, 2002, the United States of America filed an intervenor complaint against RIH in a *qui tam* action initiated by Health Outcomes Technologies in the United States District Court for the District of Rhode Island against RIH ("said complaint").

17. Attached hereto as Exhibit D is a true and exact copy of said complaint.

18. On or about November 25, 2002, Lifespan and RIH, by letter of that date, by certified mail, return receipt requested, notified ERII of receipt of said complaint.

19. Attached hereto as Exhibit E is a true and exact copy said letter of November 25, 2002.

20. Lifespan and RIH provided such information and notice to ERII as ERII sought from Lifespan and RIH in regard to the defense of said complaint.

21. On or about August 27, 2003, Lifespan and RIH discussed the status of said complaint with ERII and the issue of settlement of said complaint in advance of the telephone conference as to settlement scheduled for September 5, 2003.

22. On or about September 5, 2003, ERII participated in the extended telephone conference involving counsel for Lifespan and a number of representatives of Lifespan at which time all the participants agreed that said complaint was to be settled upon the best terms which Lifespan and RIH could secure.

23. In accordance with the agreement reached in the telephone conference of September 5, 2003, settlement negotiations were entered into between the United States of America and Lifespan such that said complaint was settled for the sum of Six Hundred Twenty-Five Thousand ($625,000) Dollars as paid by Lifespan and certain additional stipulations.

24. Lifespan and RIH both settled said complaint for a sum far less than that sought by the United States of America because the prospect of the significant legal expense involved in litigating this matter with the United States of America through trial and the possibility, however slight, that the finder-of-fact would determine said complaint adversely to RIH and render a very large judgment against RIH, even though Lifespan and RIH contested and still contest that any of the allegations of said complaint as to improper conduct by RIH were true in any respect.

25. In or about February of 2004, Lifespan and RIH executed a Settlement Agreement with the United States of America.

26. Attached hereto as Exhibit F is a true and exact copy of said Settlement Agreement.

27. Lifespan and RIH fully complied with said Settlement Agreement.

28. Since the resolution of said complaint, Lifespan has sought full reimbursement from ERII of those monies it expended in counsel fees in excess of the One Hundred Thousand ($100,000) Dollar retention under said Policy as "**Defense Expenses**".

29. Following the resolution of said complaint, Lifespan has sought reimbursement from ERII of the amounts expended by Lifespan and RIH for "**Defense Expenses**" and "**Loss**".

30. ERII has continued to delay its response to Lifespan in terms of reimbursement of "**Defense Expenses**" by payment of One Hundred Twenty-Eight Thousand Four Hundred Forty-Eight and 98/100 ($128,448.98) Dollars only, despite the reimbursement request of Lifespan for reimbursement of all "**Defense Expenses**" in excess of the retention.

31. Although requested by Lifespan to reimburse it for its "**Loss**", ERII has failed to pay any amount to Lifespan to reimburse it for said "**Loss**".

## COUNT I

## DECLARATORY JUDGMENT

32. Defendants and Counterclaim Plaintiffs, Lifespan and RIH, reallege the allegations set forth in Paragraphs 1-31, above, as if the same were fully set forth in this paragraph.

33. Defendants and Counterclaim Plaintiffs, Lifespan and RIH, request that this Court adjudicate the controversy between the parties and determine that Defendants and Counterclaim Plaintiffs, Lifespan and RIH, are entitled to full reimbursement for all legal expenses, ("**Defense Expenses**"), incurred by Lifespan and RIH in defense of the "**Claim**" brought by the United

States of America and for the settlement amount ("**Loss**") paid by Lifespan to settle said "**Claim**" brought by the United States of America.

WHEREFORE, on the basis of the foregoing, Defendants and Counterclaim Plaintiffs, Lifespan and RIH, respectfully request this Court to find that Plaintiff, ERII, is obligated, under said Policy, to reimburse Lifespan and RIH for the balance of the "**Defense Expenses**", of Ninety-Five Thousand Six Hundred Sixty-Eight ($95,668) Dollars, the whole "**Loss**" in the amount of Six Hundred Twenty-Five Thousand ($625,000) Dollars and prejudgment interest in accordance with Rhode Island law and award Lifespan and RIH their counsel fees in this action.

**COUNT II**

**BREACH OF CONTRACT**

34. Defendants and Counterclaim Plaintiffs, Lifespan and RIH, reallege all the allegations set forth in Paragraphs 1- 31, above, as if the same were fully set forth in this paragraph.

35. By failing to reimburse Lifespan fully for all "**Defense Expenses**" incurred by Lifespan in excess of the applicable retention and by failing to reimburse Lifespan for the full amount of its "**Loss**" under said Policy in a timely fashion, ERII has breached the terms of said Policy to the detriment of Lifespan.

WHEREFORE, on the basis of the foregoing, Defendants and Counterclaim Plaintiffs, Lifespan and RIH, respectfully request this Court to find that Plaintiff, ERII, is obligated, under said Policy, to reimburse Lifespan and RIH for the balance of the "**Defense Expenses**", of Ninety-Five Thousand Six Hundred Sixty-Eight ($95,668) Dollars, the whole "**Loss**" in the amount of Six Hundred Twenty-Five Thousand ($625,000) Dollars and prejudgment interest in accordance with Rhode Island law and award Lifespan and RIH their counsel fees in this action.

**COUNT III**

**BAD FAITH**

36. Defendants and Counterclaim Plaintiffs, Lifespan and RIH, reallege all the allegations set forth in Paragraphs 1- 31, above, as if the same were fully set forth in this paragraph.

37. Despite the fact that ERII was well aware of the imminence of settlement of said complaint in late August and early September of 2003 and that it was fully informed of said settlement by October 22, 2003, ERII failed to conduct a timely and appropriate investigation of the matter to promptly determine the amount of "**Defense Expenses**" which ERII was required to reimburse to Lifespan and RIH, and the amount of "**Loss**" which ERII was required to reimburse Lifespan.

38. ERII knew or was conscious of the fact that it had failed to conduct such timely and appropriate investigation, as referenced above, and that such failure was unreasonable.

39. ERII refused to engage in settlement discussions as to the balance of "**Defense Expenses**" and the amount of "**Loss**" to which Lifespan was entitled.

40. ERII failed to relieve its insured, Lifespan, of the burden and expense of litigation in order to recover its entitlement to reimbursement of the balance of "**Defense Expenses**" and to reimbursement for "**Loss**".

41. The actions of ERII following the settlement of said complaint in October of 2003 were in violation of Insurance Regulation 73 of the Division of Insurance of the Department of Business Regulation of the State of Rhode Island, especially Section 6 thereof.

42. The actions of ERII following the settlement of said complaint in October of 2003 were in violation of R.I. Gen. Laws §27-9.1-1 *et seq.*, the Unfair Claims Settlement Practices Act of Rhode Island.

43. Plaintiff, ERII has acted in bad faith, in violation of R.I. Gen. Laws §9-1-33, based upon its conduct as set forth above.

WHEREFORE, on the basis of the foregoing, Defendants and Counterclaim Plaintiffs, Lifespan and RIH, request that this Court enter judgment against ERII for all amounts as to which Lifespan and RIH are entitled under said Policy, plus counsel fees of Defendants, Lifespan and RIH, in regard to this action and to assess punitive damages against ERII.

Defendants,
LIFESPAN CORPORATION and
RHODE ISLAND HOSPITAL,
By their attorneys,

HANSON CURRAN, LLP

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040

Defendants, Lifespan Corporation and Rhode Island Hospital, hereby designate David P. Whitman, Esq. as trial attorney.

**PROOF OF SERVICE**

I hereby certify that on this 6th day of **June, 2005**, I mailed a true and exact copy of the within *Answer* and *Counterclaim* to **Preston W. Halperin, Esq.** and **Randall L. Souza, Esq.**, SHECHTMAN HALPERIN SAVAGE, LLP, 86 Weybosset Street, Providence, RI 02903; and **Barbara A. O'Donnell, Esq.** and **Nancy Cremins, Esq.**, ROBINSON & COLE LLP, One Boston Place, Boston, RI 02108.

________________________
of Hanson Curran LLP