UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY INC., Plaintiff, | |
| v. | Civil Action No: 05-169-T |
| LIFESPAN CORPORATION, and RHODE ISLAND HOSPITAL Defendants/Counterclaim Plaintiffs. | |

## ANSWER TO COUNTERCLAIM

Plaintiff, Executive Risk Indemnity Inc. ("ERII"), responds as follows to the separately numbered paragraphs in the Counterclaim filed by counterclaim plaintiffs, Lifespan Corporation and Rhode Island Hospital (collectively, "Counterclaim Plaintiffs" or "Lifespan").

1. Admitted.

2. Admitted.

3. The allegations in this Paragraph assert legal conclusions to which no reply is required.

4. The allegations in this Paragraph assert legal conclusions to which no reply is required.

5. ERII admits that Counterclaim Plaintiffs have asserted a counterclaim but denies the remaining allegations in this Paragraph on the grounds that they seek to characterize a document that speaks for itself.

6. ERII admits that Lifespan purchased Directors, Officers and Trustees Liability Insurance Including Healthcare Organization Reimbursement Policy No. 751-080581-97 bearing Policy No. 751-080581-97 for the policy period October 1, 1997 through October 1, 1998 (the "Policy"), but denies the remaining allegations in this Paragraph.

7. Admitted.

8. ERII admits that the Policy provides specified coverages to Lifespan and RIH for **Loss**,[1] including **Defense Expense**, subject to all terms, conditions, and limitations, as defined, in excess of the Policy's stated retention, but denies the remaining allegations in this Paragraph on the grounds that they seek to characterize the terms, conditions, and contents of the Policy, a written document that speaks for itself.

9. ERII denies that the subpoena referenced in this Paragraph was issued by the United States of America but admits the remaining allegations in this Paragraph as they relate to a Subpoena issued by the United States Department of Health and Human Services, Office of Inspector General.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. ERII lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this Paragraph.

15. Denied.

16. Admitted.

17. Admitted.

---

[1] Terms appearing in bold are defined Policy terms.

18. Admitted.

19. Admitted.

20. Denied.

21. Denied.

22. ERII admits that it participated in a telephone conference on or about September 5, 2003 with counsel for and representatives of Lifespan but denies all remaining allegations in this Paragraph.

23. ERII admits that Lifespan paid $625,000.00 to settle the False Claims Act Civil Action but denies all remaining allegations in this Paragraph.

24. ERII lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this Paragraph.

25. Admitted.

26. ERII admits that a Settlement Agreement between Lifespan Corporation, Rhode Island Hospital and the United States of America is attached to Counterclaim Plaintiffs' Answer and Counterclaim, but lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this Paragraph.

27. ERII lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this Paragraph.

28. ERII admits that Lifespan has sought reimbursement from ERII for monies expended for counsel fees in excess of the Policy's stated retention but denies that ERII is under any obligation to pay any remaining amounts to Lifespan as **Defense Expenses** under the Policy, and denies all remaining allegation in this Paragraph.

29. ERII admits that Lifespan has sought reimbursement from ERII for amounts allegedly expended for **Defense Expenses** and **Loss** but denies that ERII is under any obligation

to pay any remaining amounts to Lifespan as **Defense Expenses** or **Loss** under the Policy, and denies all remaining allegation in this Paragraph.

30. ERII admits that it has paid Lifespan One Hundred Twenty-Eight Thousand Four Hundred Forty-Eight and 98/100 ($128,448.98) Dollars in **Defense Expenses** reimbursement, and admits that Lifespan has requested reimbursement of additional amounts allegedly incurred as **Defense Expenses**, but denies that ERII is under any obligation to pay any remaining amounts to Lifespan as **Defense Expenses** under the Policy, and denies all remaining allegation in this Paragraph.

31. ERII admits that Lifespan has requested additional reimbursement but denies that ERII is under any obligation to pay any remaining amounts to Lifespan as **Loss** under the Policy, and denies all remaining allegation in this Paragraph.

**COUNT I – DECLARATORY RELIEF**

32. ERII repeats and incorporates its responses to Paragraphs 1-31 as if fully set forth herein.

33. The allegations in this Paragraph assert legal conclusions to which no response is required.

**COUNT II – BREACH OF CONTRACT**

34. ERII repeats and incorporates its responses to Paragraphs 1-31 as if fully set forth herein.

35. Denied.

**COUNT III – BAD FAITH**

36. ERII repeats and incorporates its responses to Paragraphs 1-31 as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

FIRST AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs have failed to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims for relief may be barred by the doctrines of waiver and estoppel.

THIRD AFFIRMATIVE DEFENSE

The damages alleged to have been sustained by Counterclaim Plaintiffs were not proximately caused or contributed to by ERII.

FOURTH AFFIRMATIVE DEFENSE

ERII did not violate any common law, contractual, or statutory duty owed to Counterclaim Plaintiffs, or otherwise cause or in any way contribute to the injuries or losses alleged by Counterclaim Plaintiffs.

FIFTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims are barred to the extent they seek reimbursement of **Defense Expenses** that are not reasonable, that are attributable to claims not covered by the Policy, that were incurred on behalf of individuals or entities who are not **Insureds** under the Policy, and/or were incurred in the defense of matters that do not constitute **Claims** under the Policy.

SEVENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims are defeated, in whole or part, by various terms, conditions and limitations in the Policy, including without limitation the Policy's express exclusions for (a) "the multiplied portion of any multiplied damages award, fines, taxes or penalties, and matters which are uninsurable under the law pursuant to which this Policy shall be construed," (b) "**Loss** brought about or contributed to in fact (1) by any dishonest or fraudulent act or omission or any willful violation of any statute, rule or law by any **Insured** or (2) by any **Insured** gaining any profit, remuneration or advantage to which such **Insured** was not legally entitled."

EIGHTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs are not entitled to indemnification coverage for any amounts paid to settle the False Claims Act Action which represent restitutionary relief which does not qualify as **Loss** under the Policy and/or which represents fines, penalties and/or the multiplied portion of multiple damages which the Policy expressly excludes from coverage.

NINTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims are barred in whole or in part by their failure to satisfy conditions precedent to their right to obtain coverage under the Policy, including without limitation their obligation to seek ERII's prior consent to any Claim settlement.

WHEREFORE, ERII respectfully requests that this Court enter judgment in its favor and against Counterclaim Plaintiffs on each and every count of their Counterclaim in this action, dismiss Counterclaim Plaintiffs' Counterclaim with prejudice, and grant ERII such other and further relief as the Court deems just and equitable.

Dated: June 29, 2005

EXECUTIVE RISK INDEMNITY INC.,
By its attorneys,

Preston W. Halperin (# 5555)
Randall L. Souza (# 4082)
SHECHTMAN HALPERIN SAVAGE, LLP
86 Weybosset Street
Providence, RI 02903
(401) 272-1400
(401) 272-1403(fax)

Of Counsel:

Barbara A. O'Donnell
Elizabeth Sackett
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108
(617) 557-5900
(617) 557-5999 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June 2005, I have served the foregoing document upon all parties to this action by sending a copy by first class mail, postage prepaid, to defendant/counterclaim plaintiffs' counsel of record in his action:

David P. Whitman, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 029-3

Randall L. Souza (# 4082)