UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY INC., Plaintiff, | |
| v. | Civil Action No: 05-169-T |
| LIFESPAN CORPORATION, and RHODE ISLAND HOSPITAL Defendants. | |

FILED
JUN 29 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PLAINTIFF EXECUTIVE RISK INDEMNITY INC.'S MOTION TO SEVER AND STAY COUNT III OF DEFENDANTS' COUNTERCLAIM ALLEGING BAD FAITH**

Pursuant to F.R.C.P. 42(b), plaintiff, Executive Risk Indemnity Inc. ("ERII"), hereby moves to sever and stay all proceedings, including discovery, on the bad faith counterclaim (Count III) brought by Lifespan Corporation and Rhode Island Hospital pending resolution of the coverage issues raised in ERII's complaint for declaratory relief and the declaratory judgment and breach of contract counterclaims (Counts I and II) asserted by Lifespan and RIH (collectively, "Lifespan"). Alternatively, if the Court declines to sever and stay all proceedings on Lifespan's bad faith counterclaim, ERII respectfully requests that the Court defer Lifespan from seeking discovery on its bad faith counterclaim until the threshold coverage issues have been resolved.

The grounds for this motion, as set forth more fully in the accompanying Memorandum

GRANTED in absence of objection, but the Court makes no ruling on what ultimately must be shown by the defendant in order to prevail in its counterclaim of bad faith.

Ernest C. Torres

Ernest C. Torres, Chief Judge

Date: July 21, 2005

BOST1-861527-1

of law, include the following:

1. Executive Risk Indemnity Inc. ("ERII") brings this action for declaratory relief concerning the parties' dispute over the availability of coverage under a Directors, Officers and Trustees Liability Insurance Policy Including Healthcare Organization Reimbursement Policy issued to Lifespan for the period October 1, 1997 through October 1, 1998 (the "Policy") for Lifespan's request for reimbursement of: (a) $625,000.00 paid to settle a civil action brought by the United States of America under the Federal Civil False Claims Act, 31 U.S.C. §§3729-3733, in United States District Court for the District of Rhode Island as C.A. No. 01-243-ML (the "False Claims Act Action"); (b) defense costs allegedly incurred by Lifespan in responding to a preceding investigative subpoena; and (c) certain fees and costs which ERII had declined to reimburse under its Litigation Management Guidelines.[1]

2. Lifespan's recently filed answer asserts three counterclaims. Counts I and II assert claims for declaratory relief and breach of contract which turn on the coverage issues raised in ERII's complaint. Count III essentially alleges that ERII's refusal to provide the coverage requested by Lifespan constitutes bad faith in violation of R.I. Gen. Laws §27-9.1-1 *et seq.* and R.I. Gen. Laws §9-1-33. In its recently filed answer to Lifespan's counterclaims, ERII denies engaging in any conduct toward Lifespan which could be construed as bad faith. ERII contends

[1] ERII reimbursed Lifespan for $128,448.98 in **Defense Expenses** concerning the False Claims Act Action but denied indemnification coverage for amounts paid by Lifespan to settle that Action. (Phrases shown in bold are defined Policy terms).

that Lifespan added its bad faith counterclaim in an attempt to gain leverage in this otherwise straightforward coverage dispute.

3. Under Fed. R. Civ. P. 42(b) and well settled Rhode Island law (addressed in ERII's accompanying Memorandum), Lifespan's bad faith counterclaim (Count III) should be severed and stayed pending resolution of the threshold question of whether the Policy affords coverage for the amounts sought by Lifespan. The bifurcation and stay of bad faith claims promotes judicial economy and avoids or defers potentially unnecessary discovery and motion practice concerning bad faith allegations that will in all likelihood be rendered moot if the Court upholds ERII's coverage position or determines that ERII's coverage determination, even if mistaken, was based on a "fairly debatable" interpretation of the Policy.

4. Bad faith claims should also be bifurcated and stayed pending resolution of the threshold coverage issues to safeguard insurers from the potentially unnecessary and prejudicial disclosure of their claims file, including documents protected by the work product and/or attorney-client privileges.

WHEREFORE, Executive Risk Indemnity Inc. respectfully requests that this Court grant its motion to bifurcate and stay all proceedings, including discovery, on Lifespan Corporation's and Rhode Island Hospital's bad faith counterclaim (Count III) pending resolution of the parties' declaratory judgment claims and Lifespan's breach of contract counterclaim. Alternatively, if the Court declines to grant ERII's motion in its entirety, ERII respectfully requests that it direct Lifespan to refrain from conducting any discovery on its bad faith counterclaim pending adjudication of the parties' declaratory judgment claims and Lifespan's breach of contract

counterclaim.

DATED: June 29, 2005

EXECUTIVE RISK INDEMNITY INC.,
By its attorneys,

Preston W. Halperin (# 5555)
Randall L. Souza (# 4082)
SHECHTMAN HALPERIN SAVAGE, LLP
86 Weybosset Street
Providence, RI 02903
(401) 272-1400
(401) 272-1403(fax)

Of Counsel:
Barbara A. O'Donnell
Elizabeth Sackett
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108
(617) 557-5900
(617) 557-5999 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June 2005, I have served the foregoing document upon all parties to this action by sending a copy by first class mail, postage prepaid, to defendant/counterclaim plaintiffs' counsel of record in his action:

David P. Whitman, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 029-3

Randall L. Souza (# 4082)